# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**Raymond Lamar Alford-King**

### ORDER OF DETENTION PENDING TRIAL

Case Number: 1:06-MJ-8

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is not a resident of this district. His housing situation is tenuous. Until recently he has been residing with his aunt, but he moved out of her home two weeks ago. The aunt has no objection to her nephew returning to her home, but cautioned Pretrial Services investigators that her residence was full and that she would "be willing to accommodate Mr. Alford-King if not other options were available." Defendant moved out supposedly to return to his mother's home; however he was previously kicked out of his mother's home after punching his fist into a wall of her residence at a time when he was on supervised probation and electronic monitoring in the home. (Continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence th there is no condition or combination of conditions which will assure the defendant's presence in court due to defendant's repeated failure to abide by court supervised probation, absconding supervision, failing to participate in the electronic monitoring program, and failing to maintain a stable residence. There is no basis for releasing him on court supervised bond where he has demonstrated a repeated refusal to abide by conditions of supervision, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 23, 2006

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Raymond Lamar Alford-King
1:06-MJ-8
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

    Neither the defendant nor his aunt was able to recall the mother's telephone number.

    Defendant is currently unemployed. He consumes approximately 1 gram of marijuana per day and consumes alcohol.

    Defendant failed to appear for a sentencing in October 2002 for attempted receiving of stolen property. He was sentenced the following day to two years probation under the Home Youth Training Act (HYTA), but his probation and HYTA status were subsequently revoked following an arrest and conviction for a drug offense in a different circuit court, following his apprehension while driving a stolen car.

    On March 17, 2004, while on probation for the drug offense, defendant pled guilty to violating probation by absconding supervision and failing to participate in an electronic monitoring program. After several further probation violations for failing to maintain a stable residence, failing to participate in the tether program, absconding, and using marijuana, probation was revoked.